1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   TRISHA YORK, a Washington resident,

9          Plaintiff,

10  vs.

11  MGP X Aurora, LLC, a foreign corporation

12          Defendant.

13

**NO.**

**COMPLAINT FOR
DECLARATORY
AND INJUNCTIVE RELIEF**

**JURY DEMAND**

14      COMES NOW, Plaintiff, Trisha York, by and through her attorneys Washington Civil &

15  Disability Advocate for her Complaint for Declaratory and Injunctive Relief to state and allege

16  as follows:

17                          **I.      INTRODUCTION**

18      1.      The Americans with Disabilities Act (the "ADA") and the Washington Law

19  Against Discrimination ("WLAD") require places of public accommodation to be accessible to

20  people with disabilities.

21      2.      Drug stores, restaurants, and grocery stores are places of public accommodation

22  within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing

23  regulation, 28 C.F.R. § 36.104.

Complaint for Declaratory and Injunctive Relief
**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

3.      ADA accessibility laws and regulations were enacted into law in 1990, nearly 30 years ago, to protect civil rights of persons with mobility and other disabilities.

4.      Defendant discriminates against individuals with disabilities because Defendant operates a property as a place of public accommodation that does not comply with ADA laws and regulations or the WLAD, and thus Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant against persons with mobility disabilities.

## II.      PARTIES

5.      Plaintiff Trisha York is a Washington resident and resides in this district.

6.      Ms. York is limited in the major life activity of walking and uses a wheelchair for transportation.  Ms. York requires ADA compliant accessible parking in order to patronize the businesses and restaurants at Defendant's property at or around 13201 Aurora Ave N in Seattle, WA (the "Property").

7.      Defendant MGP X Aurora, LLC is a foreign corporation owning and operating the Property.

8.      Paracorp Incorporated, at 106 5th Ave SE in Olympia, WA, is the registered agent for MGP X Aurora, LLC.

## III.      JURISDICTION AND VENUE

9.      This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

10.      This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

Complaint for Declaratory and Injunctive Relief

**Page 2 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

11.     This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

12.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to Plaintiff's Complaint for Injunctive Relief and Damages occur in this district and Defendant's Property lies within this district.

## IV.     FACTUAL ALLEGATIONS

13.     The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

14.     Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA, despite decades of notice to property owners.

15.     The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states that, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, [and] the discriminatory effects of architectural, transportation, and communication barriers…."

16.     Thus, Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Complaint for Declaratory and Injunctive Relief

**Page 3 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Plaintiff

17.    Ms. York is a Seattle, Washington resident who lives near Defendant's property and travels throughout the Seattle area on a regular basis.  Plaintiff most recently patronized Defendant's Property in December, 2019.

18.    Ms. York is limited in the major life activity of walking and requires the use of a wheelchair for mobility and is thus a person with a disability within the meaning of Title III of the ADA and the WLAD.

19.    Ms. York will return to the Property once accessibility barriers are addressed, and may be forced to return before then due to necessity.

Defendant's Property

20.    Ms. York used her wheelchair, albeit at personal risk due to existing accessibility barriers, to visit the Rite Aid and Burger King locations at the Property.

21.    Ms. York does not feel safe accessing the property as-is due to the current accessibility barriers.

22.    Defendant's Property does not comply with the ADA's accessibility laws and regulations under the 1991 ADA Standards for Accessible Design ("1991 Standards") and the 2010 ADA Standards for Accessible Design ("2010 Standards").

23.    At Defendant's parking lot at the Property, there are at least 344 parking spaces.

24.    Thus, under the 2010 Standards the Property must have at least eight (8) accessible parking spaces (§ 208.2) and at least two (2) accessible parking spaces must be "van-accessible" parking spaces. § 208.2 of the 2010 Standards and § 4.1.2 of the 1991 Standards.

25.    There are currently less than 8 accessible parking spaces, and many of the accessible parking spots at the Property do not meet either the 1991 Standards or the 2010

Complaint for Declaratory and Injunctive Relief

**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   Standards.

2       26.     Accessible parking spaces must be identified with signage at least 60 inches

3   above the ground.  § 502.6 of the 2010 Standards and § 4.6.4 of the 1991 Standards (Signage

4   must be high enough it "cannot be obscured by a vehicle parked in the space.").

5       27.     The signage for at least one accessible parking space (the one near the Burger

6   King location) is too low to the ground, and several accessible parking spaces throughout the

7   parking lot lack signage, including one accessible space near the north side of the lot.

8   Additionally, several parking space are incorrectly labeled as "van accessible" and do not meet

9   the dimensions for van accessibility.

10      28.     Van accessible parking spaces shall be 132 inches wide and served by an access

11  aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the

12  2010 Standards and §§ 4.1.2(5)(b) and 4.3.6 of the 1991 Standards.

13      29.     Regular accessible spaces shall be at least 96 inches wide and served by an access

14  aisle at least 60 inches wide.  § 502.3 of the 2010 Standards and §§ 4.1.2(5)(a) and 4.3.6 of the

15  1991 Standards.

16      30.     Access aisles must be marked so as to discourage parking and adjoin the

17  accessible route.  §§ 502.3 and 502.3.3 of the 2010 Standards.

18      31.     Some or all of the accessible parking spaces and adjoining access aisles at the

19  Property are not properly sized and marked, and many accessible spaces have no access aisle

20  present at all, including the accessible parking spots located:

21          a.  Near the middle of the parking lot (where two accessible parking spaces lack

22              access aisles);

23          b.  Near the south side of the parking lot (where a large metal shopping cart return

Complaint for Declaratory and Injunctive Relief

Page 5 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1    station sits within the access aisle, making it unusable); and

2        c.    Near the Burger King (where no access aisle is visibly marked).

3    32.    Additionally, Slope of accessible parking spaces must be no greater than 1:48

4    (approximately 2%) in any direction and must adjoin the accessible route.  §§ 502.3-502.4 of the

5    2010 Standards and § 4.3.6 of the 1991 Standards.

6    33.    Two accessible parking spots on the south side of the "Grocery Outlet" location

7    have slope in excess of 1:48.

8    34.    Ms. York requires compliant accessible parking and compliant accessible routes

9    in order to safely patronize Defendant's property using her wheelchair.

10    35.    Defendant's property is not safe and is not welcoming for people who use

11    wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

12    36.    The failure of MGP X Aurora, LLC to make the property comply with the ADA's

13    accessibility laws and regulations works to exclude people with disabilities from equal access to

14    and enjoyment of the Property.

15                    **V.    FIRST CAUSE OF ACTION**
                 **Title III of the Americans with Disabilities Act of 1990**
16                    **42 U.S.C. § 12101 *et seq.***

17    37.    Ms. York incorporates by reference the allegations in the paragraphs above.

18    38.    Ms. York is limited in the major life activity of walking and is thus an individual

19    with a disability within the meaning of Title III of the ADA.

20    39.    Title III of the ADA states in relevant part: "No individual shall be discriminated

21    against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

22    privileges, advantages, or accommodations of any place of public accommodation by any person

23    who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §

Complaint for Declaratory and Injunctive Relief

**Page 6 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   12182(a).

2       40.    Defendant MGP X Aurora, LLC owns the property where the Rite Aid and

3   Burger King buildings and associate parking lot are located.

4       41.    The Rite Aid and Burger King are place of public accommodation under 42

5   U.S.C. § 12181(7).

6       42.    Defendant has discriminated against Plaintiff on the basis of her disability.

7       43.    Defendant's discriminatory conduct includes but is not limited to:

8           a.    Discriminatory exclusion and/or denial of goods, services, facilities,

9                 privileges, advantages, accommodations, and/or opportunities;

10          b.    Provision of goods, services, facilities, privileges, advantages, and/or

11                accommodations that are not equal to those afforded non-disabled

12                individuals;

13          c.    Failing to make reasonable modifications in policies, practices, and/or

14                procedures as necessary to afford the goods, services, facilities, privileges,

15                advantages, and/or accommodations to individuals with disabilities;

16          d.    Failing to make alterations in such a manner that, to the maximum extent

17                feasible, the altered portions are readily accessible to and usable by

18                individuals with disabilities, including individuals who use wheelchairs;

19          e.    Failing to remove barriers to individuals with disabilities where it would

20                be readily achievable to do so.

21      44.    As such, Defendant discriminates and, in the absence of the injunction requested

22  herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the

23  full and equal enjoyment of the goods, services, facilities, privileges, advantages,

Complaint for Declaratory and Injunctive Relief        WASHINGTON CIVIL & DISABILITY ADVOCATE
                                                                      4115 Roosevelt Way NE, Suite B
**Page 7 of 10**                                                           Seattle, WA 98105
                                                                            (206) 428-3558

1 accommodations and/or opportunities at Defendant's property in violation of Title III of the

2 Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

3      45.     Defendant's discriminatory conduct as has harmed Ms. York, and the harm

4 continues.

5      46.     Defendant's discriminatory conduct entitles Ms. York to declaratory and

6 injunctive relief. 42 U.S.C. § 12188.

7      47.     Defendant's discriminatory conduct entitles Ms. York to recover reasonable

8 attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI.    SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

11      48.     Ms. York incorporates by reference the allegations in the paragraphs above.

12      49.     Ms. York is an individual with a disability within the meaning of the Washington

13 Law Against Discrimination.

14      50.     Under § 49.60.030(1) of the Revised Code of Washington provides in pertinent

15 part: "The right to be free from discrimination because of . . . the presence of any sensory,

16 mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall

17 include, but not be limited to: . . . (b) The right to the full enjoyment of any of the

18 accommodations, advantages, facilities, or privileges of any place of public resort,

19 accommodation, assemblage, or amusement . . . "

20      51.     Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the

21 Revised Code of Washington by violating multiple accessibility requirements under the ADA.

22      52.     Defendant's actions constitute discrimination against persons with disabilities and

23 violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010

Complaint for Declaratory and Injunctive Relief

**Page 8 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

et seq., in that persons with mobility disabilities have been and are still denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

53.     As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint, Ms. York has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to correctly remediate the Property.

54.      Defendant's discriminatory conduct as alleged in this Complaint has denied Ms. York the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

55.     Ms. York has a clear legal right to access the businesses located at Defendant's Property under the Washington Law Against Discrimination.

56.     Ms. York has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

57.     Defendant's property does not comply with ADA accessibility laws and regulations, including the 1991 Standards and the 2010 Standards.

58.     Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

59.     Pursuant to RCW § 49.60.030(2), Ms. York is entitled to declaratory and injunctive relief and to recover from Defendant her reasonable attorneys' fees and costs incurred in bringing this action.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Ms. York respectfully requests that this Court:

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1.   Assume jurisdiction over this action;

2.   Find and declare Defendant MGP X Aurora, LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's Property does not comply with the ADA's accessibility laws and regulations;

3.   Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4.   Award Ms. York reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code§ 49.60.030(2);

5.   Award actual, compensatory, and/or statutory damages to Ms. York for violations of her civil rights as allowed under state and federal law;

6.   Award such additional or alternative relief as may be just, proper, and equitable.

DATED THIS 20 day of March, 2020

By:

_s/ Conrad Reynoldson_
Conrad Reynoldson
WSBA# 48187
conrad@wacda.com
(206) 876-8515

_s/ Michael Terasaki_
Michael Terasaki
WSBA# 51923
terasaki@wacda.com
(206) 971-1124

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
_Attorneys for Plaintiff Trisha York_

Complaint for Declaratory and Injunctive Relief

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558